UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOSEPH BERNSTEIN                                CIVIL ACTION

VERSUS                                          NO: 15-630

ATLANTIC RICHFIELD COMPANY, ET                  SECTION: J(2)
AL

## ORDER AND REASONS

Before the Court is a *Motion to Remand* (**Rec. Doc. 21**) filed by Plaintiff, Joseph Bernstein ("Plaintiff"), an *Opposition* filed on behalf of all Defendants by Chevron Midstream Pipelines LLC, Chevron U.S.A. Holdings, Inc., and Chevron U.S.A., Inc. (collectively "Chevron") (**Rec. Doc. 38**), an *Opposition* filed by Defendant Gulf South Pipeline Company, LP ("Gulf South") (**Rec. Doc. 40**), and Plaintiff's *Reply* briefs to Chevron's *Opposition* (**Rec. Doc. 47**) and Gulf South's *Opposition* (**Rec. Doc. 50**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED**.

This matter is one of a number of lawsuits removed to this Court, commonly known as the "Oil Patch Cases." The arguments presented by Plaintiff and Chevron are nearly indistinguishable

1

from those presented in *Borne v. Chevron U.S.A. Holdings, Inc., et al*, No. 15-631 and *Fasterling v. Hilcorp Energy Company*, No. 15-629. Due to the vast similarities between these cases and the matter at hand, the Court fully adopts the reasoning set forth in its previous Orders remanding the *Borne* and *Fasterling* matters. (*Borne*, Rec. Doc. 49; *Fasterling*, Rec. Doc. 46).

However, the arguments raised in support of removal by Gulf South are unique in that they have not been previously addressed by this Court. As an interstate natural gas pipeline, Gulf South notes that the operations of the pipeline which form the basis of this lawsuit were authorized by a certificate granted by the Federal Energy Regulatory Commission ("FERC") pursuant to the Natural Gas Act ("NGA"). Despite Gulf South's admission that Plaintiff makes no mention of the NGA or any other federal law in his petition, Gulf South maintains that Plaintiff's petition raises four independent substantive issues of federal law.

First, Gulf South argues that Plaintiff's request for injunctive relief implicates "FERC's exclusive authority to determine whether and how pipelines' [sic] may be relocated or when they can be abandoned from service under [the] NGA." (Rec. Doc. 40, p. 17). Gulf South also argues that any injunctive relief which may potentially be granted by a state court would

impose additional terms and conditions to the FERC certificate granted to Gulf South, which Gulf South alleges would violate the NGA.

However, as noted by Plaintiff, nowhere in his petition does he request or even imply that he is seeking the abandonment or relocation of the pipeline as part of his requested injunctive relief. Instead, Plaintiff requests in his petition "all manner of abatement and restoration activities determined to be appropriate." (Rec. Doc. 46-2, p. 5). The state court is fully capable of using its discretion to determine whether injunctive relief is available, or whether monetary damages would adequately remedy Plaintiff's injuries, the granting of which Gulf South does not contend would violate FERC authorizations or the NGA.

Second, Gulf South asserts that Plaintiff's negligence claim necessitates resolution of a federal issue, because the standard of duty to which Gulf South was expected to adhere is defined by FERC. Gulf South contends that the provisions contained in certificates granted by FERC to Gulf South to conduct operations involving the pipeline articulate the exclusive standard of care to which Gulf South may be held. However, as noted by Plaintiff, Plaintiff makes no allegation in his petition that Gulf South has violated any of the provisions

in the certificates issued to it by FERC. Plaintiff asserts that it will rely solely on duties imposed by Louisiana law. (*See* Rec. Doc. 46-2, p. 6).

Instead, the Court finds that Gulf South's arguments in support of jurisdiction are merely thinly-veiled defenses of preemption. Gulf South admits that any attempt by Plaintiff to impose a standard of care other than that articulated in FERC certificates would implicate issues of federal preemption, because the Court will be "required to analyze whether the duties Bernstein claims exist conflict with federal regulation." (Rec. Doc. 40, p. 14). Gulf South further informs the Court that Plaintiff's negligence claim would not raise issues of complete preemption, but would instead concern only conflict and field preemption. (Rec. Doc. 40, p. 9, n. 2).

It is well-settled within this Circuit that when a plaintiff fails to affirmatively allege a federal claim, "anticipated or potential defenses, *including defenses based on federal preemption*, do not provide a basis for federal question jurisdiction." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008) (citing *PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005) (emphasis added); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425 (1987) ("[I]t is now settled law that a case

4

may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption."). Conflict and field preemption, which this Circuit has collectively termed "defensive preemption," do "not create federal jurisdiction and simply declare the primacy of federal law, regardless of the forum or the claim." *Elam v. Kansas City So. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citing *Barrois*, 533 F.3d at 331) (internal citations omitted).

In light of the unambiguous precedents on this issue, Gulf South's arguments effectively asserting that Plaintiff's state law negligence claims are preempted by the certificates issued to it by FERC directly concern the merits of Plaintiff's claim, and have no impact on the existence of federal jurisdiction.

Third, Gulf South contends that Plaintiff's claims require interpretation of a 2005 amendment to the NGA, which Plaintiff alleges had the effect of preempting state law claims for a period prior to 2005. Gulf South admits that it is unclear of the dates which form the basis for Plaintiff's state law claims, but that "there can be no doubt that they encompass a time period prior to 2005." (Rec. Doc. 40, p. 22). Even without considering the vague nature of this argument, for the reasons addressed above, Gulf South's defense of preemption has no impact on the existence of federal jurisdiction.

Fourth, and finally, Gulf South submits that removal is necessary because Plaintiff has failed to exhaust administrative remedies as required by FERC. The NGA requires that a party challenging the provisions of an order issued by FERC must first exhaust administrative remedies with FERC before pursuing judicial review. (Rec. Doc. 40, p. 22). Again, nowhere in Plaintiff's petition does he attempt to challenge any FERC certificate or order issued to Gulf South.

Because Gulf South has failed to show that Plaintiff's complaint alleges a federal claim, federal question jurisdiction does not attach to this matter, and remand is appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* (**Rec. Doc. 21**) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Oral Argument on this motion, currently scheduled for June 3, 2015, is **CANCELLED**.

New Orleans, Louisiana this 29th day of May, 2015.

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE